IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MESSAGE NOTIFICATION TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>ORACLE CORPORATION,<br><br>Defendant. | C.A. No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Message Notification Technologies LLC, by and through its undersigned counsel, hereby files this original complaint against the above-named defendant, alleging, based on its own knowledge with respect to itself and its own actions, and based on information and belief as to all other matters, as follows:

### PARTIES

1. Plaintiff Message Notification Technologies LLC ("MessageTech") is a limited liability company formed under the laws of the State of Delaware, with a principal place of business in Wilmington, Delaware.

2. Defendant Oracle Corporation ("Oracle") is a Delaware corporation with a principal place of business in California. Oracle can be served with process by serving its registered agent: Corporation Service Company; 2711 Centerville Rd, Ste. 400, Wilmington, DE 19808

1

**JURISDICTION AND VENUE**

3. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, defendant is incorporated in this district, has transacted business in this district, and/or has committed and/or induced acts of patent infringement in this district.

5. Defendant is subject to this Court's specific and general personal jurisdiction under due process and/or the Delaware Long Arm Statute due at least to defendant's having been incorporated in this forum and/or defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware.

**COUNT I**
**(INFRINGEMENT OF U.S. PATENT NO. 5,944,786)**

6. On August 31, 1999, United States Patent No. 5,944,786 ("the 786 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Automatic Notification of Receipt of Electronic Mail (E-mail) via Telephone System without Requiring Log-On to E-mail Server."

7. MessageTech is the owner of the 786 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and

enforce the 786 patent against infringers, and to collect damages for all relevant times. A true and correct copy of the 786 patent is attached hereto as Exhibit A.

8. Oracle had knowledge of the 786 patent at least from the filing date and/or service date of the original complaint against it for infringement of the 786 patent.

9. Oracle infringed one or more claims of the 786 patent and is being accused of doing so both directly and indirectly.

10. Oracle, either alone and/or in conjunction with others, including their customers and/or suppliers, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale unified messaging systems/products/services that, upon receipt of an email, actuate a voice mail system to send an e-mail notification signal to a telephone node (including at least systems/products/services under following designation: Oracle Unified Communications Suite) that infringed one or more claims of the 786 patent.

11. Oracle's customers and/or suppliers directly made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale unified messaging systems/products/services that, upon receipt of an email, actuate a voice mail system to send an e-mail notification signal to a telephone node (including at least systems/products/services under following designation: Oracle Unified Communications Suite) that infringed one or more claims of the 786 patent.

12. Oracle induced infringement and/or contributed to the infringement of one or more of the claims of the 786 patent by its customers and/or suppliers.

13. Oracle's infringement was willful at least from the date it had knowledge of the 786 patent.

14. MessageTech has been damaged as a result of the infringing conduct by defendant alleged above. Thus, defendant is liable to MessageTech in an amount that adequately compensates MessageTech for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

MessageTech hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

MessageTech requests that the Court find in its favor and against the defendant and that the Court grant MessageTech the following relief:

  a. Judgment that one or more claims of the 786 patent have been infringed, either literally and/or under the doctrine of equivalents, by defendant and/or by others to whose infringement defendant has contributed and/or by others whose infringement has been induced by defendant;

  b. A permanent injunction enjoining defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing infringement of, or contributing to infringement of the 786 patent;

  c. Judgment that defendant account for and pay to MessageTech all damages to and costs incurred by MessageTech because of defendant's infringing activities and other conduct complained of herein;

    d.    That MessageTech be granted pre-judgment and post-judgment interest on the damages caused by defendant's infringing activities and other conduct complained of herein;

    e.    That this Court declare this an exceptional case and award MessageTech its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

    f.    That MessageTech be granted such other and further relief as the Court may deem just and proper under the circumstances.

| | |
|---|---|
| Dated: November 11, 2013 | BAYARD, P.A. |
| OF COUNSEL: | */s/ Stephen B. Brauerman* <br> Richard D. Kirk (rk0922) |
| Zachariah S. Harrington <br> Matthew J. Antonelli <br> Larry D. Thompson, Jr. <br> ANTONELLI, HARRINGTON & THOMPSON LLP <br> 4200 Montrose Blvd., Ste. 430 <br> Houston, TX 77006 <br> (713) 581-3000 <br> zac@ahtlawfirm.com <br> matt@ahtlawfirm.com <br> larry@ahtlawfirm.com | Stephen B. Brauerman (sb4952) <br> Vanessa R. Tiradentes (vt5398) <br> Sara E. Bussiere (sb5725) <br> 222 Delaware Avenue, Suite 900 <br> P.O. Box 25130 <br> Wilmington, DE 19899 <br> (302) 655-5000 <br> rkirk@bayardlaw.com <br> brauerman@bayardlaw.com <br> vtiradentes@bayardlaw.com <br> sbussiere@bayardlaw.com |
| | *Attorneys for Message Notification Technologies LLC* |